Argued June 25, affirmed August 2, 1976

## In the Matter of the Dissolution of the Marriage of
## FORD, *Appellant—Cross-Respondent,*
### *and*
## FORD, *Respondent—Cross-Appellant.*
## (No. 413-443, CA 5081)

552 P2d 563

*Robert E. Nelson,* Portland, argued the cause for appellant—cross-respondent. With him on the brief were McCarty, Swindells & Nelson, Portland.

*John D. Ryan,* Portland, argued the cause and filed the brief for respondent—cross-appellant.

[ 353 ]

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The wife appeals from the property division provisions of the trial court's decree dissolving the marriage of the parties and dividing the assets and liabilities.

The husband cross-appeals contending that the trial court should have awarded him the family business.

■ The wife's first contention is that she did not receive a fair share of the parties' assets and liabilities. The controversy involves the valuation given the family business, a specialty advertising firm, jointly operated by the parties during the marriage. The trial judge awarded the business to the wife. She contends that the trial judge overvalued this asset and that she therefore did not receive an equitable portion of the assets. After reviewing the record *de novo,* we reach the same conclusion as did the trial judge, namely, that the business is worth in excess of $100,000. The division ordered by the trial judge was therefore as fair and equitable as was possible.

■ The wife's second contention is that since she is required to pay the husband $30,000 over two years for his share of the business he should be prohibited from competing with her. She cites no authority in support of this proposition.

■ Restrictions on free competition are generally disfavored and are allowed only in limited situations, even where the parties themselves agree to such a restriction. *See:* Annotation, 45 ALR2d 77 (1956); Annotation, 41 ALR2d 15 (1955). Additionally, we note that the husband has pursued this type of business for most of his working life and is prepared to do little else. To impose such a restriction upon him would therefore greatly impair his ability to earn a livelihood. For the above reasons we decline to impose such a restriction upon the husband.

■ Considering the husband's cross-appeal, we agree

with the trial court that the business should be awarded to the wife, subject to the requirement that she pay the husband $30,000 for his share of the joint business.

Affirmed. No costs to either party.